FILED
AUG 20 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 18-cv-01857 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* "complaint" ("Pet.") and application for leave to proceed *in forma pauperis*. Despite having entitled his pleading "complaint," petitioner explicitly challenges his conviction pursuant to 28 U.S.C. § 2254, and requests that the court vacate same. Pet. at 1 ¶¶ 2-4. Petitioner is a North Carolina state prisoner designated to the Pender Correctional Institution, located in Burgan, NC. *Id.* at caption; 1 ¶ 1. Petitioner alleges that witnesses who testified at his underlying criminal trial were corrupt and tampered with DNA evidence, resulting in his unlawful conviction. *Id.* at 2 ¶¶ 1-3.

Federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain

1

the application." 28 U.S.C. § 2241(d). Petitioner, per his own admission, seems to acknowledge that a North Carolina federal court would be the proper venue for such relief.[1] *Id.* at 1 ¶¶ 3-4.

Therefore, this court lacks jurisdiction over petitioner's § 2254 habeas "complaint," and this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: August 17, 2018

[1] To the extent that petitioner is seeking review of a transfer of his prior habeas action(s) by the United States District Court for the Eastern District of North Carolina, this Court lacks jurisdiction to review the decisions of another district court. 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995); Pet. at 1 ¶¶ 3-4.